UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **VS.** | § § § | **CRIMINAL ACTION NO. 4:09-CR-0199-1** |
| **PEDRO MUNIZ,** | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Defendant Pedro Muniz pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(viii) in January 2010. Defendant was sentenced to a term of 235 months, but his sentence was reduced to 188 months on May 29, 2015 pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 517). Defendant has been in custody since April 20, 2009.

Defendant now moves for compassionate release because of concerns about his medical condition and the potential spread of the novel coronavirus at the Federal Medical Center Butner, in Bahama, North Carolina, where he is currently incarcerated. Defendant has exhausted all possible avenues for administrative release, and if released plans to live under the care of his mother in Conroe, Texas.

Under 18 U.S.C. § 3582, a court may modify a defendant's sentence upon motion of the Director of the Bureau of Prisons or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden

of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

The policy statement regarding compassionate release sets forth three circumstances that are considered "extraordinary and compelling reasons." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. n.1. Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1. The policy statement also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

The Court is persuaded that Defendant presents an extraordinary and compelling reason for compassionate release and that such release is consistent with applicable policy considerations. In so concluding, the Court is grievously aware of the current global health crisis caused by COVID-19. The President has declared a National Emergency due to the spread of the novel coronavirus and states and localities across the nation have implemented measures to stymie its rapid spread. And while the Court is aware of the measures taken by the Federal Bureau of Prisons, news reports of the virus's spread in detention centers within the United States and beyond our borders in China and Iran demonstrate that individuals housed within our prison systems nonetheless remain particularly vulnerable to infection. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. Times (March 17, 2020),

https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, dearth of soap, hand sanitizer, and protective gear, and impossibility of maintaining safe distance between inmates and guards as reasons prisoners are at particular risk of infection). The virus's spread at the Cook County jail in Chicago provides an alarming example: in a single week, the county jail went from two diagnoses to 101 inmates and a dozen employees testing positive for the virus. *See* Timothy Williams et al., *As Coronavirus Spreads Behind Bars, Should Inmates Get Out?*, N.Y. Times (March 30, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html.

Indeed, news reports indicate that the virus has already begun infiltrating federal prisons; in one prison in Louisiana, an inmate died after testing positive for the virus and at least 30 other inmates and staff have tested positive. *See* Kimberly Kindy, *An Explosion of Coronavirus Cases Cripples a Federal Prison in Louisiana*, Wash. Post (March 29, 2020), https://www.washingtonpost.com/national/an-explosion-of-coronavirus-cases-cripples-a-federal-prison-in-louisiana/2020/03/29/75a465c0-71d5-11ea-85cb-8670579b863d_story.html (hereinafter, *An Explosion of Coronavirus Cases*). To date, at least one inmate and one staff member have tested positive for the virus in FMC Butner, where Defendant is housed. *See* COVID-19, Fed. Bureau of Prisons (March 29, 2020), https://www.bop.gov/coronavirus/.

In this case, Defendant has been diagnosed with serious medical conditions that, according to reports from the Center for Disease Control, make him particularly vulnerable to severe illness from COVID-19. These include, inter alia, end stage renal disease, diabetes, and arterial hypertension. *See People Who Are at Higher Risk for Severe Illness*, CDC (March 26, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific

-groups%2Fhigh-risk-complications.html. The Court notes that the inmate in Louisiana who died after testing positive from the virus was only two years older than Defendant and also suffered from long-term, preexisting medical conditions. *See* Kindy, *An Explosion of Coronavirus Cases*. Defendant has also undergone amputation of his right foot, which has left him wheelchair-bound and significantly hinders his mobility. This further diminishes his ability to care for himself in a prison environment. While it is true that Defendant's request for a sentence reduction and subsequent administrative appeal to the Board of Prisons were denied, those requests and denials occurred in March and July of 2019—long before the coronavirus was understood to be such a public health crisis. Because Defendant is at high-risk for severe illness from COVID-19 and because inmates in detention facilities are particularly vulnerable to infection, the Court finds that Defendant has demonstrated an extraordinary and compelling reason for compassionate release.

Moreover, the Court is persuaded that the applicable § 3553(a) factors support Defendant's request for compassionate release and that Defendant will not pose a threat to the community. While the Court acknowledges the seriousness of Defendant's offense, Defendant has been in custody since April 2009—over ten years—and has served approximately 80 percent of his reduced sentence. The length of Defendant's incarceration adequately expresses the seriousness of the offense, deters criminal conduct, and protects the public under § 3553(a). Moreover, the Court notes that Defendant's offense was not a violent one, and due to Defendant's serious medical conditions Defendant is confined to a wheelchair and requires medical assistance. If released Defendant will be under the care of his mother in Conroe, Texas. Because of Defendant's serious medical conditions and the length of time already served, the Court is persuaded that Defendant will not pose a threat to the community.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court finds that extraordinary and compelling reasons warrant a reduction of Defendant's sentence, that Defendant does not pose a danger to any other person or the community, that the § 3553(a) factors support a reduction, and that the reduction is consistent with currently applicable Sentencing Commission policy statements. The Court therefore **GRANTS** Defendant's Motion for Compassionate Release and orders release of Defendant.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 30th of March, 2020.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE